IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LEWARREN WHITEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>J. DAVID ROUNDSTONE, DORIS LITTLE WOLF, CALVIN WILSON, DEBORAH STRANGE OWL<br><br>Defendants. | CV 23-146-BLG-SPW-TJC<br><br><br>ORDER |

Plaintiff LeWarren Whiteman ("Whiteman") has filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a Complaint seeking to recover monetary damages for purported violations he experienced in conjunction with his Northern Cheyenne Tribal Court proceedings. (Doc. 2.) The Court will grant the motion to proceed in forma pauperis, but as explained below, there are issues with Whiteman's complaint which require dismissal, most notably a lack of subject matter jurisdiction.

I.  **Motion to Proceed in Forma Pauperis**

Despite Whiteman's attempts, he was unable to provide the Court with a copy of his inmate account statement sufficient to make the showing required by

1

28 U.S.C. § 1915(a). (*See e.g.,* Docs. 7 & 7-1.) But because there is no reason to delay this matter further, the motion to proceed in forma pauperis will be granted.

## II.     Complaint

Whiteman is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Whiteman advances claims under 42 U.S.C. § 1983, the federal civil rights statute. (Doc. 2 at 3.) He also asserts Defendants have violated the American Indian Civil Rights Act ("ICRA"); the Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution; as well as the Northern Cheyenne Constitution and the Northern Cheyenne Law and Order Code. (*Id.*)

Whiteman alleges that beginning in 2018, Defendants violated his rights during jury and bench trials, and associated proceedings, held in the Northern

2

Cheyenne Tribal Court. (*Id.* at 4-5.) He claims he did not receive counseling for anxiety and PTSD, which has caused him distress and mental anguish. (*Id.* at 5.) Whiteman seeks 5 million dollars in damages and expungement of his tribal court record. (*Id.*)

Specifically, Whiteman explains Judge Roundstone exhibited bias toward him, based in part, upon Whiteman's struggles with drug addiction. (Doc. 2-1 at 1.) He claims Judge Roundstone did not let him present a defense during an August 2020 trial, and instead accepted the prosecution's case. (*Id.*) Whiteman claims Judge Roundstone resentenced him while he was not on probation. He states Judge Roundstone prevents indigent inmates from filing motions or appeals and denies an adequate process for them to pay court fees. (*Id.*)

Whiteman claims Associate Judge Littlewolf violated his rights beginning in 2018 and continuing to the present date, when she accepted conclusory and fabricated statements about Whiteman. (*Id.* at 2.) He claims she also acted as prosecutor and sentencing judge in the same case and did not recuse herself, in violation of the Indican Civil Rights Act. Whiteman alleges Judge Littlewolf set fines as "pay or serve consecutive," while knowing Whiteman was indigent. (*Id.*)

Whiteman alleges Deborah Strange Owl, the clerk of tribal court, beginning in 2018 and continuing to the present date, conspired with tribal court staff to change official documents and court minutes, and failed to process discovery and

3

motions. (*Id.*) He also states she argued with him in open court sessions in violation of the Indian Civil Rights Act. (*Id.*)

Finally, Whiteman faults Calvin Wilson for violating the Indian Civil Rights Act and the American Bar Association rules, from 2019 to the present, while he acted both as Chief Judge and Chief Prosecutor and exerted undue influence over others. (*Id.* at 3.) Specifically, Whiteman alleges Wilson pressured court staff, lay advocates, and pro se defendants in order to effectuate convictions and induce individuals to change their pleas. (*Id.*) He alleges Wilson also engaged in *ex parte* communications and general unethical conduct during court proceedings. (*Id.*)

### A. Immunity

The first issue with the complaint, assuming Whiteman could state a plausible claim under 42 U.S.C. § 1983, is that at least three of the named defendants are entitled to immunity.

Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F. d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Whiteman has not identified acts undertaken by

Judges Roundstone, Littlewolf, and Wilson that would indicate they acted outside of their respective judicial capacities or without jurisdiction. Accordingly, the three named judges are entitled to judicial immunity from suit.

Additionally, Whiteman fails to state a claim against Defendant Wilson for actions he took while prosecuting Whiteman. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F. 3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430-31. Any actions Wilson may have undertaken in relation to Whiteman's ongoing tribal proceedings are intimately associated with the judicial phase of the criminal process. Accordingly, Wilson is entitled to prosecutorial immunity. Judicial and prosecutorial immunity, however, are not the only deficiency from which Whiteman's complaint suffers.

**B. Subject Matter Jurisdiction**

As explained herein, this Court lacks subject matter jurisdiction. To state a

plausible § 1983 claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F. 2d 1418, 1420 (9th Cir. 1991). Section 1983 applies to state and local government actors. It does not provide a remedy for the actions taken by other types of actors, such as purely private actors, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988). Under Section 1983, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)(quotations omitted). But "[a]s separate sovereigns pre-existing the Constitution," Tribes are not required to comply with "those constitutional provisions framed specifically as limitations on federal or state authority," such as the Bill of Rights. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978). Thus, Whiteman's complaint does not state a plausible claim under § 1983 because the allegations do not give rise to a reasonable inference that any named Defendant was acting under the color of state law. *See Brentwood Acad.*, 531 U.S. at 295. Section 1983 claims alleging the deprivation of rights under color of Tribal law "cannot be maintained in federal court." *Evans v. McKay*, 869 F. 2d 1341, 1347 (9th Cir. 1989).

Moreover, the Indian Civil Rights Act does not confer jurisdiction in the present case. 25 U.S.C. § 1301, et seq., is known as the Indian Civil Rights Act ("ICRA"). In enacting the ICRA, Congress established a set of statutory protections for Indians against their tribal governments, which roughly parallel the constitutional rights identified in the Bill of Rights of the United States Constitution. *See Wasson v. Pyramid Lak Paiute Tribe*, 782 F. Supp. 2d. 1144, 1147 (D. Nev. 2011). The ICRA does contain a statutory protection that is similar to the Fourteenth Amendment of the United States Constitution and provides that an Indian tribe, in exercising its powers of self-government, shall not "deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property with due process of law." Section 1302(a)(9).

In *Santa Clara Pueblo*, however, the Supreme Court held Congress did not provide for a private cause of action for violations of ICRA against the tribe or its officers, except for one type of claim- habeas corpus challenges to one's detention. "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo*, 436 U.S. at 58. What this means is that "suits against [Indian tribes] under the [ICRA] are barred by…sovereign immunity from suit." *Id*. at 59. "Congress, aware of the intrusive effect of federal judicial review upon tribal self-government, intended to create only a limited mechanism for [review under the ICRA], namely, that

7

provided for expressly in § 1303 [the provision of the ICRA providing for habeas relief]." *Id.* at 70. Section 1303 of the ICRA provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303.

In the instant matter, Whiteman does not bring a claim for habeas relief under Section 1303 of the ICRA. Instead, Whiteman seeks damages and injunctive relief, not release from custody. Accordingly, his suit is not authorized, and this Court is without jurisdiction to entertain a claim alleging violations of ICRA. Similarly, this Court, as a court of limited jurisdiction, has no authority to enforce the Northern Cheyenne Constitution or the Northern Cheyenne Law and Order Code. Whiteman's complaint must be dismissed for lack of subject matter jurisdiction.

Accordingly, the Court enters the following:

### ORDER

1. This matter is dismissed for lack of jurisdiction.

2. Whiteman's motion to proceed in forma pauperis (Doc. 1) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. Whiteman's motion to appoint counsel (Doc. 8) is DENIED as moot, based upon the dismissal of this matter.

4. The Clerk of Court is directed to close this matter and enter judgment in

favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 5th day of March, 2024.

Susan P. Watters
United States District Court Judge